IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CARLYLE OSIBA,** : **CIVIL NO. 1:12-CV-2338**
:
      **Plaintiff** :
:
      **v.** :
:
**CAROLYN COLVIN, Acting** :
**Commissioner of Social Security,** :
:
      **Defendant** :

# **M E M O R A N D U M**

## **I.**    **Background**

Before the court is a request for judicial review under 42 U.S.C. § 405(g) of a decision by the Acting Commissioner of Social Security that denied Plaintiff's request for a waiver of reimbursement of an overpayment of social security disability benefits.

## **II.**    **Facts**[1]

Plaintiff became entitled to a period of disability and disability insurance benefits effective August 1998. Plaintiff completed a nine-month trial work period from August 1998 through April 2000 (Tr. 37-42). Plaintiff's disability ceased in August 2002. Plaintiff's entitlement to a period of disability and disability insurance benefits ended November 2002 and Plaintiff was overpaid disability insurance benefits from November 2002 through June 2008. It was determined that Plaintiff was not without fault in causing or accepting the overpayment and that recovery of the overpayment was not waived.

---

[1] Findings of the Appeals Council (Doc. 17, p. 13).

### III.     Issue

The issue before the court is whether the Commissioner's denial of Plaintiff's request for a waiver of reimbursement of an overpayment of social security disability payments is supported by substantial evidence.

### IV.     Discussion

It is the responsibility of the Administrative Law Judge ("ALJ") in the first instance to determine whether Plaintiff has met the statutory prerequisites for a waiver of any agency benefit overpayment. In making this determination, the ALJ must follow certain statutory and regulatory guideposts. Initially, the statute provides for the waiver of recovery of overpayments, stating in pertinent part:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience.

Title 42 U.S.C. § 404(b).   In this circuit, the District of New Jersey ruled:

> Therefore, the standard for waiver imposes an obligation upon the [Commissioner] to recover overpayments unless the individual is without fault, and recovery of the overpayment would defeat the purpose of the Act or be against equity and good conscience. Waiver of recovery is not to be applied unless both of the criteria are met.

*Lang v. Sullivan*, 762 F. Supp. 628,. 631 (D.N.J. 1991) *aff'd sub nom. Lang v. Dep't of Health and Human Servs.*, 947 F.2d 936 (3d Cir. 1991).

In order to obtain a waiver of recovery, Plaintiff was obliged to prove two matters. First, that he was without fault and second, that recovery of the overpayment would defeat the purpose of Title II or would be against equity and good conscience. *See* 42 U.S.C. § 404(b). A claimant, like Plaintiff, typically has

the burden of showing that he was without fault in causing an overpayment. *See, e.g., Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990); *Bray v. Bowen*, 854 F.2d 685, 687 (5th Cir. 1988); *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982); and *Lang v. Sullivan*, 762 F. Supp. at 631-32 (D.N.J. 1991), *aff'd sub nom. Lang v. Dep't of Health and Human Servs.*, 947 F.2d 936 (3d Cir. 1991)("the plaintiff bears the burden of establishing whether a waiver of recovery is applicable. *Valente v. Secretary of Health and Human Servs.* 733 F.2d 1037, 1042-43 (2d Cir. 1984).") Since a claimant like Plaintiff must carry the burden of proof on both of these elements of a waiver claim, if it is determined that a claimant is at fault, there is no need to make a determination regarding the second prong of the analysis regarding whether recovery of the overpayment would defeat the purpose of Title II or would be against equity and good conscience. *Garnett v. Sullivan*, 905 F.2d 778, 782 (4th Cir. 1990)(upholding Commissioner's determination that beneficiary was at fault in causing the overpayment and, therefore, there was no need to reach issue whether waiver of recovery was inequitable or would cause hardship); *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).

> The regulations implementing the Act define "fault" as follows: "Fault" as used in "without fault" . . . applies only to the individual. Although the administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault . . . whether an individual is at fault . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from:
>   (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>   (b) Failure to furnish information which he knew or should have known to be material; or
>   (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

3

The ALJ's overpayment waiver determination must also meet certain basic procedural and substantive requisites. Most significant among these legal benchmarks is a requirement that the ALJ adequately explain the legal and factual basis for this determination. Thus, in order to facilitate a review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." (*Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

Once the ALJ has made this overpayment waiver determination, it is then the responsibility of this court to independently review that finding. In undertaking this task, this court applies a specific, well-settled and carefully articulated standard of review. In an action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying an overpayment waiver, Congress has specifically provided that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).

The "substantial evidence" standard of review prescribed by statute is a deferential standard of review. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). When reviewing the denial of disability benefits, the court must simply determine whether the denial is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *see also Johnson v. Commissioner of Social Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)." *Johnson*, 529 F.3d at 200. *See also Pierce v. Underwood*, 487 U.S. 552 (1988). It is less than a preponderance of the evidence but more than a

mere scintilla of proof. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).

This court finds that substantial evidence support the ALJ's finding that Plaintiff was not without fault in the overpayment he received. A person who is receiving disability insurance benefits has a responsibility to report relevant changes to the agency that pertain to any return to work or earnings or increases. 20 C.F.R. § 404.1588. Notices dated September 15, 2000 and November 20, 2000 clearly informed Plaintiff of his reporting obligations and that the agency would consider him no longer disabled if he earned over the SGA limit (Tr. 37-42). Plaintiff has admitted that he had performed work at various jobs (Tr. 239-42) but there is no evidence that he notified the agency of the specific earnings from these jobs. In the years 2003, 2004 and 2008, Plaintiff's earnings exceeded $11,000.00 (Tr. 152), information that he did not report. This is substantial evidence to support the agency's finding that plaintiff is not without fault.

## V.        Conclusion

Based on the foregoing, this court finds that Plaintiff is not entitled to a waiver of recovery of his overpayment as he was not without fault. The Acting Commissioner's decision will be affirmed. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: December 4, 2013.

5